## A. M. Slaydon v. G. W. P. Mitchell.

**Slander — Evidence — Words Spoken After Suit Brought.**

In an action for slander, words spoken by the defendant after suit is brought are not admissible in evidence on the trial.[1]

**Same — Variance.**

In slander, if there is a material variance between the averments of the declaration and the proof, a judgment for plaintiff will be reversed.[2]

Suit in the Circuit Court of Hancock county by appellee, Mitchell, against appellant, Slaydon, for slander. From a verdict and judgment for plaintiff for $50, defendant appeals.

The facts are sufficiently stated in the opinion of the court.

---

[1]

Where, in an action brought under Code 1880, section 1004, making actionable words which, from their usual construction and common acceptation, are considered insults, plaintiff has, on motion, furnished a bill of particulars giving the actionable words, the time when, the place at which, and the names of the persons to whom, they were spoken, defendant's motion for a more full and complete bill of particulars was properly overruled. McLean v. Warring, 13 So. 236.

No recovery can be had unless the exact words alleged or synonymous words had been spoken by defendant. Furr v. Speed, 74 Miss. 423; 21 So. 562.

Where, in an action for slander, plaintiff proved that he had butchered a steer and sold the meat in his market, and that defendant had stated to various persons that the steer had a running sore, the action of the court in allowing the declaration to be amended by striking out the allegation that defendant had charged plaintiff with butchering and selling a steer affected with a loathsome disease, and inserting in lieu thereof the averment that it was not fit for use, was not erroneous, if any amendment was necessary. Bigner v. Hodges, 33 So. 980.

[2]

Slanderous words spoken of the plaintiff in the third person will not support a count on words spoken to the plaintiff in the second person. Cocke v. Weathersby, 5 S. & M. 333.

In slander, the exact words charged, or synonymous words, must be proved. It is not sufficient that the same general idea is conveyed. Jones v. Edwards, 57 Miss. 28.

There is no variance between the language of the declaration in a suit for libel and the language shown by the evidence, when the words are synonymous and convey the same specific idea. Fritz v. Williams, 16 So. 359.

APPEALED from Circuit Court, Hancock county, J. L. HAMM, Judge.

Reversed and remanded, March 12, 1883.

*Attorney for appellant, Ben Lane Posey.*

*Attorney for appellee, John L. Henley.*

Brief of B. L. Posey:

In the court below, Mitchell, appellee, sued Slaydon, appellant, in action for oral slander. The declaration contains but one count, and the suit is founded on the statute, Code, § 1004, for actionable words. It is a statutory action, and must stand or fall, according to the statute.

The defendant pleaded not guilty, and the cause was tried by a jury, who gave a verdict for plaintiff, Mitchell, and damages for $50. Defendant moved for a new trial on the ground of errors of the court in the instructions given and refused, and because the verdict was not supported by the evidence. Appellant assigns for error the overruling of his motion for a new trial, and specially assigns the following errors:

First. That the verdict was not in conformity with or supported by the evidence. The actionable words set out in the declaration were the following: "That the said plaintiff stole defendant's cattle and was a thief," and "that said plaintiff brought a hog thief from an island to swear to a lie for him against the defendant." It is settled law that, in actions of slander or libel, the evidence must prove that defendant used *all* or *some* of the words set out in the declaration, and that the words spoken by defendant were sufficient in law to support the action. 2 Saunders Pl. and Ev., § 799.

I invite a critical examination by the court of the language testified to by the only two witnesses who gave any testimony in regard to it. I took the precaution to request the court below to note down the very language of the witnesses in quotation marks.

George W. Stockstill, a witness for plaintiff, testified that defendant, addressing him (Stockstill), said to him: "I did not believe or think that you would have brought a hog thief out of Honey Island to swear against me."

E. H. Davis, the other witness for plaintiff, who is named in the declaration as the person in whose hearing said words were spoken, testified in regard to the words as follows: On the occasion referred to he heard defendant, Slaydon, say to G. W. Stockstill, addressing Stockstill in the second person and present: "I did not think or know that *you* were mean enough to bring a hog thief out of Honey Island to swear against me." Now, this was all the evidence to support the declaration. It is true, a son of plaintiff testified to what defendant said to him in a private conversation after the commencement of this suit, in which defendant said: "Your father is a hog thief, and I am going to prove it."

But words used at a different time and place, especially after suit was brought, could not support the action, which was for words used before suit was brought. Indeed, if such evidence was admissible at all, it was only evidence of *malice* and in aggravation of damages. Hilliard on Torts, 313-315; Sedgwick on Damages, 102.

Great strictness has always prevailed, in this form of action, in requiring evidence that the words used were the same words set out in the declaration. So strict is this rule that words spoken of plaintiff in the third person will not support a declaration on words spoken to plaintiff in the second person. Cocke v. Wetherby, 5 S. & M. 333, and cases cited; Jones v. Edwards, 57 Miss. 28.

See also, generally as to variance, 2 Bish. Cr. Pro., § 809; Townsend on Libel and Slander, § 364.

The only modification of the rule goes only to the extent of deciding that the precise words need not be proved, but words of synonymous import may support the declaration. Synonymous words are those which mean the same thing, and are certainly convertible terms. There are very few words that are synonymous. For example, to say that A is a thief is not synonymous with saying that he stole a hog or a cow. The latter imports a charge of a specific crime, while the former imports only moral depravity or turpitude.

The evidence in this case does not support the declaration— does not show the speaking of the language alleged nor language of synonymous import. This becomes evident upon a comparison of the words alleged and those used. The words alleged are divided into two distinct parts: First—"That the said plaintiff

(Mitchell) stole the defendant's (Slaydon's) cattle and was a thief." Compare this language with the language testified to by G. W. Stockstill and E. H. Davis, and the difference and variance between the two is wide and obvious. Second—As to the variance between the language testified to and the second clause of the language set out in the declaration, the difference is more manifest. The person referred to as bringing a hog thief from an island, and the person referred to as being the hog thief brought from an island, are different persons from those testified to by the witnesses. The declaration charges that defendant said "that said plaintiff (Mitchell) brought a hog thief from an island to swear for him (Mitchell) against the defendant (Slaydon)." The plain meaning of this is that plaintiff, Mitchell, brought some hog thief from an island to swear for him against defendant in some suit between them. But the evidence shows nothing of this kind, but the contrary—that defendant said that George W. Stockstill was the person who brought the hog thief from the island to swear for him against defendant in a suit between them. There can be no mistake upon this point,. for Slaydon was talking to G. W. Stockstill and addressing him in the second person. In the confusion of a hurried trial, this variance was overlooked by court, counsel, and jury, but it is now perfectly obvious. It was taken for granted that the hypothetical hog thief referred to was the plaintiff, but the declaration rends this hypothesis absurd and impossible, for it describes plaintiff as the person who brought the hog thief out of the island as a witness for plaintiff, and not that plaintiff was himself the hog thief that some other person had brought out of the island to swear for him.

For this variance between the language set out in the declaration and the language shown by the evidence, the verdict was wrong, and the court erred in its refusal to grant the motion for a new trial.

The brief for appellee is not found in the record.

OPINION.—CHALMERS, J.:

The defamation words averred in the declaration are "that said plaintiff stole defendant's cattle and is a thief," and "that said plaintiff brought a hog thief from an island to swear to a lie against defendant."

The words charged in the first averment were shown to have been spoken after the institution of this suit, and were, therefore, properly excluded. As to those embraced in the second averment, there was a material variance between the declaration and the proof, or, rather, there was an entire negation of them by the evidence. The proof showed that these words were spoken by defendant, not of the plaintiff, but of one Stockstill. It was Stockstill, and not plaintiff, whom defendant had charged with bringing a hog thief from an island to swear against him. It is probable that the pleader intended to set out this fact and then aver that plaintiff was the witness characterized as a hog thief, but he did not do so. The instructions were correct.

*Judgment reversed.*